IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DATA LOCKER, INC.,

        Plaintiff,

v.                                               Case No. 12-2630-JTM

APRICORN, INC. and
LENOVO (UNITED STATES), INC.,

        Defendants.

MEMORANDUM AND ORDER

The following matter comes to the court on the defendants' motions to transfer (Dkts. 55, 59). Having considered the briefs and the evidence submitted with them, the court denies the defendants' motions to transfer this case to the U.S. District Court for the Southern District of California.

**I.    Background**

Plaintiff Data Locker, Inc. ("Data Locker") is a corporation with its principal place of business in Kansas. Defendant Apricorn, Inc. is a corporation with its principal place of business in California. Defendant Lenovo (United States) Inc. is a corporation with its principal place of business in North Carolina.

Data Locker markets and sells portable secure hard drive products under U.S. Patent No. 8,185,709. On September 24, 2012, Data Locker filed the present action in the U.S. District Court for the District of Kansas alleging that the defendants, which also market and sell portable secure hard drive products, infringed U.S. Patent No. 8,185,709.

**II. Legal Standard – Motion to Transfer**

"Under 28 U.S.C. § 1404(a), a district court may transfer an action '[f]or the convenience of parties and witnesses, [and] in the interest of justice, . . . to any other district or division where it might have been brought.'" *Emp'rs Mut. Cas. Ins. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (quoting 28 U.S.C. § 1404(a)). When deciding a motion to transfer under § 1404(a), the court considers the following discretionary factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure [sic] attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and[ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.* (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)). "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Id.* (quoting *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (internal quotation marks omitted)). Moreover, "[m]erely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue." *Id.* (quoting *Scheidt*, 956 F.2d at 966) (internal quotation marks omitted).

**III. Analysis**

The defendants argue that the relevant factors weigh in favor of transferring the case to the U.S. District Court for the Southern District of California. After analyzing these factors, the court concludes that transfer is not necessary.

### A. Plaintiff's Choice of Forum

This factor weighs against transfer. Generally, "[u]nless the balance is strongly in favor of the movant[,] the plaintiff's choice of forum should rarely be disturbed." *Id.* (quoting *Scheidt*, 956 F.2d at 965) (internal quotation marks omitted). However, the plaintiff's choice of forum may be given less weight when the plaintiff does not reside in the district or when "the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum." *Id.* at 1168 (quoting *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993) (internal quotation marks omitted)).

Here, there are good reasons to give deference to Data Locker's choice of the District of Kansas as the forum. Data Locker is incorporated under the laws of Kansas, is headquartered in Kansas, and all of its business operations are in Kansas. Further, at least some of the acts giving rise to this litigation—infringement on Data Locker's patent by selling portable secure hard drive products—are alleged to have occurred within the District of Kansas and, thus, have a material relation to the District of Kansas. Compl. ¶¶ 14-15. Therefore, unless the remaining factors weigh strongly in favor of the defendants, Data Locker's choice of forum should not be disturbed.

### B. Accessibility of Witnesses and Other Sources of Proof

This factor weighs against transfer. "The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." *Id.* at 1169 (citations and quotation marks omitted). To show inconvenience, "the movant must: (1) identify the witnesses and their locations; (2) indicate the quality or materiality of their testimony;

and (3) show that any such witnesses were unwilling to come to trial, that deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary." *Sprint Commc'ns Co. L.P. v. Time Warner Cable Inc.*, No. 11-2686-JTM, 2013 WL 237788, at *3 (D. Kan. Jan. 22, 2013) (citing *Bartile Roofs*, 618 F.3d at 1169). Moreover, bare conclusions about the inconvenience of a particular forum, without more, are insufficient. *See Tex. Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 148 (10th Cir. 1967); *see also Scheidt*, 956 F.2d at 966 ("Defendant's conclusory averment . . . is clearly deficient").

The defendants have not met this standard. In their briefs, the defendants claim that "the majority of witnesses will be forced to travel half-way around the country." Dkt. 56 at 4; Dkt. 60 at 5. The defendants also claim that shipping other sources of proof to Kansas, namely business records, poses an inconvenience. Neither defendant, however, has identified any of the witnesses; indicated the materiality of their testimony; or shown that those witnesses are unwilling to come to trial, that the use of deposition testimony would be unsatisfactory, or that the use of the compulsory process would be necessary. Moreover, inconvenience associated with the transportation of records is mostly irrelevant in the year 2013, when most records can be electronically produced and transported. *See Amtran Tech. Co. v. Funai Elec. Co.*, No. 08-cv-750-bbc., 2009 WL 2341555, at *4 (W.D. Wis. July 29, 2009); *see also* 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3853 (3d ed.) (stating that "since most records and documents now can be transported easily or exist in miniaturized or electronic form, . . . their location is entitled to little weight.").

Both defendants argue that the Southern District of California would be more convenient than the District of Kansas. But Lenovo's principal place of business, along with its evidence and employee witnesses, is located in Morrisville, NC. Dkt. 60 at 5. Trial in the District of Kansas would be held in Kansas City, Kansas, just over 1,000 miles from Morrisville. The court finds unpersuasive the argument that trial in the Southern District of California—2,500 miles from Morrisville—would be more convenient for Lenovo. Therefore, the court finds that the defendants have not sufficiently shown that proceeding in the District of Kansas poses an inconvenience to the accessibility of their witnesses and other sources of proof.

### C. Cost of Making Necessary Proof

This factor also weighs against transfer. The movant must offer evidence in support of its claims that litigating in one forum is less expensive than litigating in another. *See Bartile Roofs*, 618 F.3d at 1169. Transfers of venue that simply shift the costs to the plaintiff are not appropriate. *See Pehr v. Sunbeam Plastics Corp.*, 874 F. Supp. 317, 321 (D. Kan. 1995).

The defendants claim that the cost of transporting records and witnesses to Kansas makes litigating this case in Kansas more expensive for the defendants than litigating it in California would be for Data Locker. However, the defendants offer no evidence to support this claim. Moreover, transferring the action to the Southern District of California would simply shift the costs of litigating out of state to Data Locker, because transporting records and witnesses from Kansas to California is presumably just as expensive as transporting records and witnesses from California to Kansas.

### D. Difficulties that May Arise from Congested Dockets

This factor also weighs against transfer. "When evaluating the administrative difficulties of court congestion, the most relevant statistics are the median time from filing to disposition, median time from filing to trial, pending cases per judge, and average weighted filings per judge." *Bartile Roofs*, 618 F.3d at 1169 (citations omitted).

Considering these factors, the District of Kansas is, overall, less congested than the Southern District of California. The Southern District of California is less congested than the District of Kansas in only one of the four categories, median filing to disposition period (6.5 months for S.D.C.; 7.8 months for D. Kan.).[1] The District of Kansas is less congested than the Southern District of California in median filing to trial period (34.8 months for S.D.C.; 20 months for D. Kan.), cases per judge (481 for S.D.C.; 400 for D. Kan.), and weighted filings per judge (602 for S.D.C.; 471 for D. Kan.).

### E. Remaining Factors

The remaining factors are either irrelevant or were not argued by the defendants in their motions. Because federal patent law governs this action, there is neither the possibility of a conflict of laws nor a question of local law requiring the action to be adjudicated by a local court. *See Bushnell, Inc. v. Brunton Co.*, 659 F.Supp.2d 1150, 1166 n.8 (D. Kan. Sept. 3, 2009). Additionally, the defendants made no arguments relating to enforceability of a judgment or relative advantages and obstacles to a fair trial in the District of Kansas.

---

[1] See Administrative Office of the United States Court, Federal Court Management Statistics, *available at* http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics/district-courts-september-2012.aspx.

**IV. Conclusion**

The court finds that the defendants have not met the burden of showing that the factors weigh strongly in favor of a transfer.

IT IS THEREFORE ORDERED this 8th day of July, 2013, that the defendants' motions to transfer (Dkts. 55, 59) are denied.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE